IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-01-CR-0229-R(03) |
| | § | NO. 3-05-CV-1884-R |
| JOSE REFUGIO CARVAJAL | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNDERLINE UNITED STATES MAGISTRATE JUDGE**

Defendant Jose Refugio Carvajal, appearing *pro se*, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255.  For the reasons stated herein, the motion should be dismissed on limitations grounds.

I.

Defendant pled guilty to two counts of robbery in violation of 18 U.S.C. § 1951(a) and one count of possessing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Punishment was assessed at a total of 240 months confinement followed by supervised release for a period of five years.  His appeal was dismissed for want of prosecution.  *United States v. Carvajal*, No. 03-10139 (5th Cir. Jun. 26, 2003).  Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In three grounds for relief, defendant contends that:  (1) his sentence was enhanced by factors not alleged in the indictment or determined by a jury as required by *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); (2) the district court lacked subject matter jurisdiction; (3) and he received ineffective assistance of counsel.

By order dated September 30, 2005, the court *sua sponte* questioned whether this case was subject to dismissal on limitations grounds. Defendant addressed the limitations issue in a written reply filed on October 17, 2005. The court now determines that this case is time-barred and should be summarily dismissed.

A.

Federal habeas proceedings, including section 2255 motions, are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. 2244(d)(1) & 2255. The statute provides that the limitations period shall run from the latest of--

> (A)  the date on which the judgment of conviction becomes final;
>
> (B)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (C)  the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The one-year limitations period also is subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Defendant was sentenced to 240 months in prison for robbery and possessing a firearm during a crime of violence. His appeal was dismissed for want of prosecution on June 26, 2003.

Defendant did not file a petition for writ of certiorari in the United States Supreme Court. Therefore, his conviction became final 90 days thereafter on September 24, 2003. SUP. CT. R. 13.1 (deadline for filing petition for writ of certiorari); *see also United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000) (federal conviction becomes final upon expiration of time for filing petition for writ of certiorari). The instant motion was not filed until September 1, 2005--nearly *two years* later.

In an attempt to explain this delay, defendant argues that the limitations period did not begin to run until the Supreme Court decided *Booker* on January 12, 2005. Although statutory tolling is available in cases where the right asserted "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *Booker* does not apply retroactively.[1] *See Booker*, 125 S.Ct. at 769 (Breyer, J.), *citing Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) (holding that decision applies "to all cases on *direct review*") (emphasis added); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (citing cases) (holding that *Booker* is not applicable to cases already final). Defendant also seeks equitable tolling because he was abandoned by his lawyer on appeal. However, the Fifth Circuit has held that ineffective assistance of counsel does not merit equitable tolling. *See, e.g. United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2630 (2003) ("Ineffective assistance of counsel is irrelevant to the tolling decision."); *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2277 (2003) ("[M]ere attorney error or neglect is not an extraordinary circumstance

---

[1] Defendant cites *United States v. Dodd*, ___ U.S. ___, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005), for the proposition that his *Booker* claim is cognizable under 28 U.S.C. § 2255. In *Dodd*, the habeas petitioner argued that his federal conviction for engaging in a continuing criminal enterprise was contrary to *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), because the jury had not been instructed that they must agree unanimously on each predicate violation. Unlike *Booker,* the Eleventh Circuit Court of Appeals held that the right recognized in *Richardson* applied retroactively to cases on collateral review. *See Ross v. United States*, 289 F.3d 677 (11th Cir. 2002). *Dodd* merely holds that the one-year statute of limitations governing federal habeas cases runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right was made retroactively applicable by the court of appeals. *Dodd*, 125 S.Ct. at 2483.

such that equitable tolling is justified."); *Blackman v. Dretke*, No. 3-04-CV-1834-P, 2004 WL 2173444 at *1 (N.D. Tex. Sept. 28, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 2468819 (N.D. Tex. Nov. 2, 2004) (AEDPA limitations period not tolled due to ineffective assistance of counsel). Moreover, even if equitable tolling was available, defendant waited more than two years after his appeal was dismissed before seeking post-conviction relief. *See Coleman v. Johnson*, 184 F.3d 398, 404 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000) (equitable tolling of limitations period requires habeas petitioner to diligently pursue relief); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 121 S.Ct. 1124 (2001), *citing Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights.").

## **RECOMMENDATION**

Defendant's motion to correct, vacate, or set aside his sentence is barred by limitations and should be summarily dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 18, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE